IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ROBERT HARDEN, | ) | 4:08CV3259 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| M.A. YAH, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on its own motion. On January 7, 2009, the court required Plaintiff to show cause why he is entitled to proceed in forma pauperis ("IFP") pursuant to the provisions of 28 U.S.C. §1915(g). (Filing No. 8.) Plaintiff filed a Letter in response to the court's Memorandum and Order. (Filing No. 9.) The court has carefully reviewed Plaintiff's Letter and finds that this matter should be dismissed.

## I. BACKGROUND

Plaintiff, while incarcerated, filed a Complaint (filing no. 1) and a Motion for Leave to Proceed IFP (filing no. 2) on December 23, 2008. On January 7, 2009, the court ordered Plaintiff to either show cause why he is entitled to proceed IFP or pay the full $350 filing fee by February 9, 2009, or his case would be dismissed. (Filing No. 8 at CM/ECF p. 2.) The court's order was based on the provisions set forth in § 1915(g), and also the court's finding that Plaintiff brought the following three cases while incarcerated, all of which were dismissed for failure to state a claim upon which relief may be granted:

- *Harden v. State of Iowa et al.*, No. 4:07CV3154 (D. Neb.), dismissed on June 19, 2007 (case no. 4:07CV3154, filing nos. 5 and 6);

- *Harden v. Emmettsburg, Iowa, et al*., No. 8:06CV770 (D. Neb.),dismissed on February 5, 2007 (case no. 8:06CV770, filing nos. 5 and 6); and

- *Harden v. Harden, et al*., No. 8:07CV68 (D. Neb.), dismissed on February 28, 2007 (case no. 8:07CV68, filing nos. 9 and 10).

On January 30, 2009, Plaintiff filed a Letter in response to the court's Memorandum and Order where he restated his claims against Defendants and set forth various reasons his case should not be dismissed. (Filing No. 9 at CM/ECF pp. 1-9.)

## II.   ANALYSIS

A prisoner may not bring a civil action or proceed IFP if the prisoner has, on three or more occasions, while incarcerated, brought an action or appeal in federal court that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted.  § 1915(g).  An exception is made for prisoners who are under imminent danger of serious physical injury. *Id*.

In its previous Memorandum and Order, the court ordered Plaintiff to show cause why his case should not be dismissed pursuant to § 1915(g).  (Filing No. 8 at CM/ECF p. 2.)  The court listed three cases brought by Plaintiff that were dismissed because they failed to state a claim upon which relief may be granted.  (*Id*. at CM/ECF p. 2.)  For Plaintiff to proceed IFP, he needed to show the court that any or all of the three dismissed cases do not meet the criteria set forth in § 1915(g) or, alternatively, that he faces imminent danger of serious physical injury.

In his Letter (filing no. 9), Plaintiff did not deny that, while incarcerated, he filed three cases that were dismissed because they failed to state a claim upon which

relief may be granted. He also did not allege that he faces any danger of physical injury. Instead, he restated his claims against Defendants and set forth various reasons his case should not be dismissed, none of which are relevant considerations at this time. (*Id*.)

In short, Plaintiff has not shown that he is entitled to proceed IFP, nor has he paid the full $350 filing fee. For these reasons, this matter must be dismissed.

IT IS THEREFORE ORDERED that:

1. This matter is dismissed without prejudice.

2. A separate judgment will be entered in accordance with this Memorandum and Order.

February 24, 2009.			BY THE COURT:

				s/ Joseph F. Bataillon
				Chief United States District Judge